**UNITED STATES of America,**
**Appellee,**

v.

**Philip BERRIGAN, Appellant.**

**No. 14932.**

United States Court of Appeals,
Fourth Circuit.

Feb. 5, 1971.

---

Harold Buchman, Baltimore, Md., and William C. Cunningham, Chicago, Ill., on the brief, for appellants.

George Beall, U. S. Atty., and Barnet D. Skolnik, Asst. U. S. Atty., on the brief, for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and WINTER, Circuit Judges.

PER CURIAM:

In United States v. Eberhardt, 4 Cir., 417 F.2d 1009 we affirmed the convictions of Berrigan and three others for willfully injuring government property, mutilating public records and hindering the operation of the Selective Service System. The convictions arose out of their having poured blood over Selective Service records in Baltimore, Maryland. Between conviction and sentencing two of the defendants, Berrigan and Lewis, participated in another destructive act involving the burning of Selective Service records in Catonsville, Maryland. The sentence imposed on them of imprisonment for six years substantially exceeded those imposed on their codefendants.[1] Although we recognized and upheld the relevance of subsequent misconduct in sentencing determinations,[2] we remanded the cases for further consideration of the sentences to ensure that the later offenses had not been given an improper weight in the trial judge's deliberations.

Berrigan, Eberhardt and Lewis, having been at large on bail pending final determination of their appeals, were required to surrender themselves into the custody of a marshal on April 9, 1970 to commence service of their sentences. Only Lewis appeared. Berrigan and Eberhardt chose to flee and were apprehended at a later date. On June 11, 1970 the district judge held a hearing on the motion for reduction of sentences. Mengel's sentence was suspend-

---

1. Eberhardt was sentenced to imprisonment for three years. Mengel was committed for study and report prior to final sentencing pursuant to 18 U.S.C. § 4208 (b). For reasons peculiar to his case, he later received a one-year suspended sentence and was placed on probation for three years.

2. On the relevance of subsequent misconduct in a somewhat different sentencing context, see North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 2089, 23 L.Ed.2d 656.

ed; Lewis's was reduced from six to three years. The judge refused to alter the sentences of Berrigan and Eberhardt.

Berrigan has appealed, contending that the denial of his motion was based on impermissible considerations. The appeal is without merit. The district judge made it clear beyond cavil that his imposition of the original term of six years was based, not simply on Berrigan's later participation in other illegal acts as such, but on his continued determination demonstrated by the occurrence at Catonsville as well as other events and statements, to violate the law as and when it seemed to suit his purposes. The judge nonetheless had been prepared to extend lenience to all of the defendants but, in light of the most recent demonstration by Berrigan and Eberhardt of their disregard for law, concluded that such a course was inappropriate as to them.

The sentence is a lawful one, and its imposition was based on lawful and entirely proper considerations. We find oral argument unnecessary and grant the Government's motion for summary affirmance.

Affirmed.