**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Boyd EWING, Jr., Defendant-**
**Appellant.**

**No. 72–3622.**

United States Court of Appeals,
Fifth Circuit.

June 14, 1973.

---

Don C. Alexander, Ronald L. Goranson, Dallas, Tex., for defendant-appellant.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and DYER, Circuit Judges.

PER CURIAM:

Appellant William Boyd Ewing, Jr., pled guilty to two counts of aiding and abetting the interstate transportation of stolen motor vehicles in violation of 18 U.S.C.A. § 2 and § 2312. He was sentenced to four years imprisonment on count one and three years imprisonment on count two, the sentences to run consecutively. He appeals from the judgment of conviction on the ground that his plea of guilty was tainted by the prosecutor's failure to keep a commitment not to oppose his request for a probated sentence. We vacate the judgment of the district court and remand the case for reconsideration.

Ewing initially pled not guilty to a five count indictment brought against him. At the conclusion of negotiations between his counsel and the government attorney in charge of the prosecution, Ewing changed his plea to guilty to counts one and two of the indictment. Apparently the prosecution had agreed that in exchange for a guilty plea to two counts of the indictment it would dismiss the remaining three counts and would not oppose a probated sentence. At no time has the Government ever disputed the existence of such an understanding.

At a sentencing hearing held on October 27, 1972, the Government fulfilled its promise. The remaining three counts of the indictment were dismissed upon the Government's motion. The defendant requested probation without opposition from the Government, but the sentencing judge refused to grant probation. His judgment was based primarily upon the nature of Ewing's crime, car theft, and by his past record.

Subsequent to the imposition of sentence Ewing filed a motion for the reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. This motion was considered by the district court at a second hearing in which the Government was represented by a different attorney from the one who had represented it at the initial sentencing hearing. During this proceeding the Government attorney, possibly unaware of any understanding with Ewing, argued strongly in opposition to his request for probation. Immediately thereafter the Government's commitment not to op-

pose probation was brought to the attention of the district court. The court stated, however, that it would not be influenced by recommendations made by the Government and that, in light of the deliberate nature of defendant's crime, probation would not be appropriate. Defendant's motion to reduce sentence was denied.

 We must determine the significance of the Government's apparently inadvertent breach of its promise not to oppose probation. Although the promise was kept when sentence was imposed, it was not kept at the hearing to reduce the sentence. Strong guidance is provided by Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In that case the defendant agreed to enter a guilty plea in exchange for the Government's promise not to make a sentence recommendation. At the sentencing hearing the Government inadvertently failed to keep its part of the bargain. The Supreme Court held that the Government's failure to afford the defendant the benefit of his bargain invalidated the guilty plea regardless of whether or not the sentencing judge was influenced by that failure. Fair administration of the criminal process and the interests of justice do not permit the prosecution to violate, whether intentionally or unintentionally, promises made in the negotiation of guilty pleas.

Our case is almost identical to *Santobello* except for the fact that the prosecution fulfilled its commitment at the initial sentencing hearing only to breach it at the subsequent hearing on Ewing's Rule 35 motion for the reduction of sentence. But this distinction is of little import because both of these proceedings were integral parts of the sentencing process in this case. Surely when Ewing obtained the Government's promise not to oppose probation in exchange for his plea of guilty, he did so in the expectation that the benefits of that promise would be available throughout the proceedings relevant to the determination of his sentence. The Government was obligated to fulfill its commitment at least until the question of Ewing's sentence was finally resolved by the sentencing judge.

 Because the Government failed to keep its part of the bargain, this case must be remanded to the district court for further consideration. Since, however, the Government breached its promise only at the hearing on the motion to reduce sentence, Ewing is not entitled to have his plea set aside but must be given the opportunity to submit the same motion to a different judge before whom the Government would be precluded from opposing probation. We do it this way "both for the judge's sake and the appearance of justice." Mawson v. United States, 1 Cir. 1972, 463 F.2d 29, 31. The judgment of the district court is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.