**UNITED STATES of America,**

v.

**Reginald Clark BARRETT, Jr.**

**Crim. No. 74–252.**

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 24, 1975.

§ 4208(a)(2) (1970), to be followed by a three (3) year special parole term.

This court has construed a letter from the defendant to the court, dated November 3, 1974, as a motion under Rule 35 and has directed that the matter be given an evidentiary hearing. Such a hearing was held on January 2, 1975.

■ No allegation was made in the motion or in subsequent oral argument respecting the legality of the sentence imposed; instead, all consideration has been directed towards reduction of a sentence which has been legally imposed. The motion is essentially a plea for leniency. United States v. Ellenbogen, 390 F.2d 537, 543 (2d Cir. 1968); Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 401 (1957). Professor Wright has noted that this

> plea for leniency is addressed to the discretion of the sentencing court, and may be granted if the court decides that the sentence originally imposed was, for any reason, unduly severe. If the court believes that the sentence was reasonable and proper under the circumstances, reduction of it will be refused. The court may reduce the sentence simply because it has changed its mind, but usually will not do so where nothing is shown to justify a reduced sentence that was not already considered by the court when the initial sentence was fixed.

> * * * * * *

> Ordinarily a court is not required to hear testimony or arguments on a motion for reduction of sentence.

2 C. Wright, Federal Practice and Procedure (Criminal) § 586 (1969) (citations omitted). See also United States v. Kruegar, 454 F.2d 1154 (9th Cir. 1972); United States v. Berrigan, 437 F.2d 750 (4th Cir. 1971); United States v. Rosenberg, 109 F.Supp. 108 (S.D.N.Y.1952), aff'd 204 F.2d 688 (2d Cir. 1953).

■ In 1973 the Court of Appeals for the Fourth Circuit considered the discretionary nature of Rule 35. The court stated that

Betty M. Sloan, Columbia, S. C., for defendant.

Lionel Lofton, Asst. U. S. Atty., Charleston, S. C., for the Government.

## ORDER ON MOTION FOR REDUCTION OF SENTENCE UNDER FEDERAL RULE OF CRIMINAL PROCEDURE

### 35.

HEMPHILL, District Judge.

This matter came to be heard before this court pursuant to a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure. The defendant herein pled guilty on August 5, 1974 to one count of violation of 21 U.S.C. § 841(a)(1) (1970). The following day he was sentenced to the custody of the Attorney General for a period of three (3) years under 18 U.S.C.

A motion for reduction of sentence under Rule 35 is addressed to the sound discretion of the district court, and it follows that the district court's disposition of the motion is not reviewable on appeal except for a clear abuse of discretion. The sentence of the district court did not exceed the statutorily authorized maximum penalty . . ., and the information brought to the attention of the district court was not so positive that we think there was any abuse of discretion, let alone a clear abuse, in its declining to modify the sentence.

United States v. Stumpf, 476 F.2d 945, 946 (4th Cir. 1973) (citations omitted). *See also* United States v. Brown, 428 F. 2d 1191, 1193 (7th Cir. 1970); Flores v. United States, 238 F.2d 758, 760 (9th Cir. 1956).

In the instant case, the statute calls for a sentence "to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both." 21 U.S.C. § 841(b)(1)(A) (1970). The sentence imposed by this court did not exceed the "statutorily authorized maximum penalty." On this point, the Court of Appeals for the Eighth Circuit has noted that

> When a District Judge imposes a sentence authorized by statute of the United States, he commits no error of law. The motions of the defendants for a reduction of their sentences were addressed to the discretion of the District Court . . . .

Jacobsen v. United States, 260 F.2d 122, 123 (8th Cir. 1958) (citations omitted). In order to give the defendant a "second round" before the sentencing judge, and at the same time afford this court "an opportunity to reconsider the sentence in the light of any further information about the defendant or the case," United States v. Ellenbogen, 390 F.2d 537, 543 (2d Cir. 1968), further testimony and argument was elicited.

The additional testimony of the defendant and witnesses called in his behalf alleged full cooperation with government agents prior to indictment and a reciprocal promise from those agents assuring special consideration and assistance for such cooperation. Further testimony alleged that the "special consideration" promised was not forthcoming because the investigating agent was relieved and another agent was placed in charge of the case.

■ Such an allegation, if true, would be sufficient to grant reconsideration of the sentence imposed in this case. "Fair administration of the criminal process and the interests of justice do not permit the prosecution to violate, whether intentionally or unintentionally, promises made in the negotiation of guilty pleas." United States v. Ewing, 480 F.2d 1141 (5th Cir. 1973). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). There can be no distinction between promises made by prosecutors in the Attorney General's office and promises made by agents of the Drug Enforcement Administration. In a recent case arising in the Fourth Circuit, the Court of Appeals held that the *government must* abide by the terms of a promise made to a defendant. United States v. Carter, 454 F.2d 426 (4th Cir. 1972). That case was remanded to the district court for an

> [E]videntiary determination of the issue raised by the motion to dismiss. If the promise was made, relied upon and breached as alleged, the indictment should be dismissed; otherwise, the judgment may be reinstated.

Id. at 428. *See also* United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508 (E.D.N.Y.1967); United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244 (S.D.N.Y.1966).

■ The "evidentiary determination" required by *Carter* was held in

this case. At such a hearing the "appellant has the burden of proof in this . . . [Rule 35] attack on his sentence." Strickland v. United States, 325 F.2d 970, 972 (8th Cir. 1964). *Cf.* United States v. Carter, 454 F.2d at 428. This case therefore turns on whether the defendant has shown, by a preponderance of the evidence, that government agents promised him "special consideration," that the promise was relied on, and that the promise was subsequently disregarded. The defendant's responses at sentencing, taken together with the testimony elicited at the reduction hearing, indicate that the defendant has failed to meet the burden of proof imposed on him.

At the time of acceptance of his guilty plea, the defendant testified that no one had made any promises or representations to him in return for such a plea. The transcript of that proceeding shows the following exchange:

THE COURT: How is it your intention to plead to this indictment, guilty or not guilty?

THE DEFENDANT: Guilty, sir.

\* \* \* \* \* \*

THE COURT: Do you know of any facts that you could get from the Government's witnesses or any facts you could present from your own mouth, or your own witnesses which might convince a jury of a reasonable doubt as to your guilt?

THE DEFENDANT: This has been a very difficult position for me to reach. I am going to go along with the guilty plea.

THE COURT: Well, as I told you before, you do not have to answer my questions. Is there any doubt in your mind that you are guilty?

THE DEFENDANT: No, sir.

\* \* \* \* \* \*

THE COURT: Well, the United States Supreme Court has said that plea bargaining is now acceptable again in the land. So, Mr. District Attorney, I ask you to tell me what

plea bargaining has taken place in this case.

MR. LOFTON: There has been none.

MR. BELK [DEFENDANT'S ATTORNEY]: That is correct.

THE COURT: Mr. Barrett, plea bargaining is the name for the negotiations which generally takes place between a person's counsel and the District Attorney or the prosecuting authority in which they bargain sometimes to plea to one indictment or one count of the indictment and nol pros the others . . .

But, if you think there has been any plea bargaining in the case, or if you know of any, I will ask you to tell me now.

THE DEFENDANT: I know of none.

THE COURT: Anyone threatened you in any way to get you to plead guilty?

THE DEFENDANT: No, they haven't.

THE COURT: *Promised you anything at all?*

THE DEFENDANT: *No, they haven't.*

THE COURT: Told you you would get a certain sentence if you plead guilty?

THE DEFENDANT: Yes, they did. Oh, no, no.

THE COURT: What you mean is your lawyer has told you what the maximum is?

THE DEFENDANT: Right, that's correct.

THE COURT: Are you so satisfied of your guilt at this time that the plea would be free and voluntary on your part?

THE DEFENDANT: Yes, it is.

THE COURT: Do you know of any reason I shouldn't accept your plea?

THE DEFENDANT: No, I don't.

THE COURT: During the course of the investigation of this case, were your Constitutional rights violated, trespassed or denied you in any way that you know of?

THE DEFENDANT: No, I don't.

THE COURT: Do you know of any, Mr. Belk?

MR. BELK: No, Your Honor, I don't. There was some thinking about it, I have investigated and I find none, Your Honor.

At the hearing on the motion for reduction of sentence, the defendant attempted to establish that he had been promised "special consideration" by the government in exchange for his full cooperation in the ongoing investigation. This promise was allegedly made on behalf of the government by Harold Stein, an agent of the Drug Enforcement Administration. Mr. Stein testified that no such promise was made. This court finds the testimony of Mr. Stein more credible than that of the defendant on this critical point. This finding of fact mandates the conclusion that the defendant failed to satisfy the burden of proof imposed on him.

 An alternative method of collateral attack on sentences imposed as a result of conviction in federal court is provided by 28 U.S.C. § 2255 (1970). A proceeding under Section 2255 is "an independent and collateral inquiry into the validity of a conviction." United States v. Hayman, 342 U.S. 205, 222, 72 S.Ct. 263, 274, 96 L.Ed. 232 (1952). The Supreme Court has recognized that Section 2255 can be utilized as a method to set aside a sentence so that a prisoner may be properly resentenced. Andrews v. United States, 373 U.S. 334, 339–40, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). The Supreme Court has recognized four grounds on which Section 2255 relief may be claimed:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack."

Wright, *supra*, § 593, *citing* Hill v. United States, 368 U.S. 424, 426–27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Relief is not available for "an error which is neither jurisdictional nor constitutional." Hill, 368 U.S. at 428, 82 S.Ct. at 471. Relief is, however, available after a showing that a guilty plea was the product of governmental promises. Walters v. Harris, 460 F.2d 988 (4th Cir. 1972), cert. denied 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262 (1972). Therefore, ultimate relief under Section 2255 also turns upon the findings of fact of this court. The fact remains that the defendant has failed to satisfy the burden of proof imposed on him.

Motion denied.

And it is so ordered.