UNITED STATES of America

v.

Benjamin BICKOFF and Carmine DeVino.

Appeal of Carmine DeVINO.

No. 75–1693.

United States Court of Appeals, Third Circuit.

Submitted Feb. 10, 1976.

Decided March 4, 1976.

Stephen N. Dratch, Greenberg & Margolis, East Orange, N. J., for appellants.

Jonathan L. Goldstein, U. S. Atty., John J. Barry, Brian D. Burns, Asst. U. S. Attys., Newark, N. J., for appellee.

Before ALDISERT, GIBBONS and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from an order denying a motion for reduction of sentence and from a supplemental order denying a motion for the court to request the United States Attorney General to designate the Rahway State Prison as the institution for the serving of the federal sentence. It is well settled that a motion to reduce a sentence under Rule 35 F.R.Crim.P. is entrusted to the district court's discretion; its ruling will not be disturbed except for a clear abuse of discretion. *United States v. Stumpf,* 476 F.2d 945, 946 (4th Cir. 1973); *United States v. Kohlberg,* 472 F.2d 1189, 1190 (9th Cir. 1973); *United States v. Harbolt,* 455 F.2d 970, 971 (5th Cir. 1972); *United States v. Hendrickson,* 442 F.2d 360, 361 (3d Cir. 1971). We find no clear abuse.

In denying appellant's application for a request that the United States Attorney General designate a state facility for the serving of the federal sentence, the district court said:

It is, on this 21st day of April, 1975 Ordered that defendant's application that this Court request the United States Attorney General's Office to designate Rahway State Prison in Rahway, New Jersey, as the institution for the serving of the

federal sentence be and hereby is denied. The Court has no authority to make such direction.

We find the district court's language ambiguous and remand for reconsideration. While it is true that the district court has no authority to *direct* the Attorney General to make the state prison designation, the district court has authority to *request* such a designation.

In *United States v. Janiec,* 505 F.2d 983, 987 (3d Cir. 1974), *cert. denied,* 420 U.S. 948, 95 S.Ct. 1332, 43 L.Ed.2d 427 (1975), we noted "that where a defendant, convicted of an offense against the United States pursuant to Title 18, comes before the district court for sentencing, having previously been sentenced for a state crime and being in state custody, the district court may recommend to the Attorney General that any federal sentence of confinement imposed and made concurrent with the state sentence shall be served in the state institution where such defendant has been confined by the state authorities [citing cases and authorities]" (footnote omitted). Indeed the official form, Criminal Form 25, Judgment and Commitment, F.R.Crim.P., 18 U.S.C.A., provides space to make such a recommendation. Although we remand these proceedings, we emphasize that it is within the discretion of the district court to make the request. We express no opinion as to whether the request should be made. This court will not, under ordinary circumstances, disturb a refusal of the district court to make the request.

The judgment of the district court denying the motion to reduce the sentence will be affirmed. The April 21, 1975, order will be vacated and the proceedings remanded for further consideration in accordance with the foregoing.