**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny Ray JOHNSON, a/k/a James
Evans, a/k/a Michael Lee Charles,
Defendant-Appellant.**

No. 78–2232
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 13, 1978.

*Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

P. Bruce Kirwan, Federal Public Defender, J. Richard Young, Asst. Federal Public Defender, Atlanta, Ga., for defendant-appellant.

William L. Harper, U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

In this case, the defendant contends that the government broke its plea bargain not to make a sentence recommendation when it opposed the defendant's Rule 35, F.R. Crim.Proc.,[1] reduction of sentence motion.

Since we are without power to entertain this appeal if the motion for reduction of sentence was not filed within 120 days, *United States v. Mehrtens*, 494 F.2d 1172, 1175, n. 1 (5 Cir. 1974); *United States v. Granville*, 456 F.2d 1073 (5 Cir. 1972), we have determined, sua sponte, that a discussion of jurisdiction is appropriate. On August 26, 1977, the defendant pled guilty to various criminal indictments brought against him. On Tuesday, December 27, 1977, the defendant filed his Rule 35, F.R. Crim.Proc., motion for reduction of sentence. According to Rule 45, F.R.Crim. Proc.,[2] time does not begin to run until the first day following the event. Therefore, for our purposes, the first day is August 27, 1977, with the one hundred and twentieth day being Saturday, December 24, 1977. But, according to Rule 45, F.R.Crim.Proc., time does not expire on a Saturday, Sunday, or a legal holiday. By operation of this rule, Monday, December 26, 1977, would appear to be the last day on which to file the reduction of sentence motion. However, Monday, December 26, 1977, was designated as a holiday by the President of the United States in Executive Order No. 11582,[3] *reprinted* 5 U.S.C. § 6103, and therefore the motion for reduction of sentence was properly filed on Tuesday, December 27, 1977.[4]

---

1. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

 Rule 35, F.R.Crim.Proc.

2. Rule 45(a), F.R.Crim.Proc.:

 (a) Computation. In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When a period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in these rules, "legal holiday" includes New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States or by the state in which the district court is held.

3. Executive Order No. 11582, in pertinent part, reads:

 Sec. 3. (a) Any employee whose basic workweek does not include Sunday and who would ordinarily be excused from work on a holiday falling within his basic workweek shall be excused from work on the next workday of his basic workweek whenever a holiday falls on Sunday.

 This order was promulgated under authority given the President by 5 U.S.C. § 6103. Sunday, December 25, 1977, was Christmas, a legal holiday. 5 U.S.C. § 6103(a).

4. In *United States v. Mendoza*, 565 F.2d 1285 (en banc) [1978], the court reversed the sixty day rule announced in the panel opinion, *United States v. Mendoza*, 565 F.2d 1285, 1292 (5 Cir. 1978). This reversal makes unnecessary a discussion of the rule announced in that opinion.

The defendant's sole argument is based on *United States v. Ewing*, 480 F.2d 1141 (5 Cir. 1973). In *Ewing*, the defendant pled guilty to two counts of a five count indictment in exchange for the dismissal of the remaining three counts and a promise by the government not to oppose his request for probation. At the guilty plea, the government kept its part of the bargain, however, the government opposed Ewing's Rule 35, F.R.Crim.Proc. arguments in favor of probation. We held that the government's opposition to Ewing's Rule 35 motion amounted to a breach of the plea bargain since the Rule 35 motion is an integral part of the sentencing process. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

We find *Ewing* distinguishable from the present case because we hold that the government did not breach its bargain not to make a sentence recommendation. In Johnson's Rule 35 motion, he argued that he was in need of psychiatric treatment and such treatment was unavailable at his place of incarceration, Terre Haute, Indiana. Johnson suggested that if his sentence were reduced to five years he would be eligible for psychiatric care at the federal facility at Lexington, Kentucky. The government responded that if Johnson is in need of psychiatric care it is available at Terre Haute.

 The government agreed not to make a sentence recommendation. It did not agree to stand mute in the face of misinformation concerning the availability of treatment at various federal correctional facilities. *See United States v. Miller*, 565 F.2d 1273 (3 Cir. 1977). We therefore conclude that the government did not breach its bargain not to make a sentence recommendation. *United States v. Ewing, supra,* does not give the defendant the right to present an unopposed Rule 35 motion. The government violates *Ewing* only when its opposition violates the essence of the plea bargain.

AFFIRMED.