**UNITED STATES of America**

v.

**LIGORI, Anthony R., a/k/a Rocky, Appellant.**

**No. 80–2839.**

United States Court of Appeals, Third Circuit.

Argued July 17, 1981.

Decided Aug. 24, 1981.

Harold B. Shapiro, Asst. Federal Public Defender, D. New Jersey, Camden, N.J., (argued), for appellant.

William W. Robertson, U. S. Atty., Kenneth N. Laptook, Asst. U. S. Atty. (argued), Newark, N.J., for appellee.

Before SEITZ, Chief Judge, and VAN DUSEN and HIGGINBOTHAM, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a final judgment of the district court denying Anthony Ligori's motion for elimination of a $5,000 fine. This court has jurisdiction under 28 U.S.C. § 1291 (1976).

I.

Pursuant to a plea bargain, Anthony Ligori pleaded guilty to one count of a four-count indictment. The Government promised in the plea agreement that:

[It] will make no recommendation as to the sentence to be imposed by the Court, but of course reserves the right to correct any factual inaccuracies contained in the presentence report or that might be made at allocution. The United States further agrees to dismiss the remaining counts of the Indictment ... after the imposition of sentence. There are no other promises made to this defendant in connection with this plea.

The Government made no recommendation at sentencing. Ligori received a seven-year term of imprisonment, to be followed by four years of special parole. In addition, Ligori was ordered to pay a $5,000 fine upon his release from prison.

After sentencing, Ligori filed a motion pursuant to rule 35 of the Federal Rules of Criminal Procedure seeking elimination of the fine because he had not profited from his illegal activity and because his indigency rendered imposition of the fine an extreme financial burden. The Government responded with a letter opposing elimination of the fine and urging the district court to maintain Ligori's original sentence. Ligori then argued that the Government's opposition constituted a violation of the plea agreement. He requested that the rule 35 application be heard by a different judge or, alternatively, that the court "completely disregard the Government's letter."

Ligori's motion was argued before the district court, which refused to transfer the matter to a different judge; the district court noted that it was "not in any way going to consider [the Government's] letter." The court then denied the motion for elimination of the fine, and Ligori filed a notice of appeal.

## II.

Ligori argues on appeal that the district court erred when it failed to submit Ligori's motion for reduction of sentence to a different judge after the Government allegedly violated the plea agreement by opposing the motion. Ligori also claims that it was error to deny his motion for elimination of the fine.

## A.

It is uncontested that, when Ligori was sentenced, the Government adhered to the terms of the plea bargain. It made no recommendations as to the sentence to be imposed by the district court, and it moved to dismiss the remaining counts of the indictment. Ligori argues, however, that the Government breached the plea agreement when it submitted, at the rule 35 hearing, its letter urging that Ligori's sentence was fair and appropriate.

"[I]t is the rule of this Circuit that the Government must adhere strictly to the terms of the bargain it strikes with defendants." *United States v. Miller*, 565 F.2d 1273, 1274 (3d Cir.), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3076, 57 L.Ed.2d 1125 (1978); *see United States v. Crusco*, 536 F.2d 21 (3d Cir. 1976) (reversing district court's denial of defendant's motion to withdraw guilty plea after Government failed to fulfill its promises). An important part of this rule, however, is that "the Government will be held only to what it has promised." *Miller*, 565 F.2d at 1275 (interpreting *Crusco*). Ligori's contention that the Government breached the terms of the plea agreement assumes that the bargain extended to the rule 35 proceedings and encompassed a promise not to oppose reduction of a sentence already imposed. We address that argument and, in doing so, note that the facts are not in dispute.

The Government promised Ligori that it would "make no recommendation as to the sentence to be imposed by the Court." That the plea agreement covered only the original sentencing is shown in that as part of the plea agreement the Government reserved the right to correct any factual inaccuracies contained in the presentence report or that might be made at allocution. Both the presentence report and allocution relate to the original sentencing process rather than to the sentence reduction hearing. *See* Fed.R.Crim.P. 32(a)(1), (c). Indeed, a rule 35(b) proceeding presupposes a valid sentence. *Compare* Fed.R.Crim.P. 35(a) (procedure for correcting illegal sentence)

*and id.* 35(b) (procedure for reducing a sentence).

■ Ligori was never assured under the agreement that the Government would not oppose a motion to reduce his sentence after sentence had been imposed. *Cf. Bergman v. Lefkowitz,* 569 F.2d 705, 716 (2d Cir. 1977) (rejecting defendant's argument that prosecutor violated plea agreement to recommend no additional sentence by opposing motion to reduce sentence). The clear import of the Government's promise, objectively assessed, *see Crusco,* 536 F.2d at 24, is that it extended only to the court's initial imposition of sentence and not to a subsequent motion to reduce sentence pursuant to rule 35. Thus, the Government's opposition to Ligori's motion to reduce sentence did not constitute a recommendation as to the sentence to be imposed within the meaning of the plea agreement. There was, therefore, no violation of that agreement. If *United States v. Ewing,* 480 F.2d 1141 (5th Cir. 1973), can be read as dictating a different result, we find it unpersuasive. *See also United States v. Arnett,* 628 F.2d 1162, 1164–65 (9th Cir. 1979) (plea bargain committing Government to take no position on sentence does not under *Ewing* bind Government as matter of law to remain silent at rule 35 hearing).

### B.

Ligori also argues that the district court abused its discretion in refusing to grant the rule 35 motion and to vacate that portion of the sentence imposing a $5,000 fine. Ligori asserts that such an abuse occurred because he is indigent and did not profit from the crime of which he was convicted. He claims that it is fundamentally unfair to impose a fine under these circumstances. In considering Ligori's motion the district court stated:

> I have reviewed the presentence report in this matter in its entirety. I remember this case very well. As a trial judge I am thoroughly [familiar] with it. At the time I sentenced this defendant I gave great consideration to his sentence. I see

no reason what so ever to disrupt that sentence.

■ This court may reverse a district court's determination of a rule 35 application only if it is demonstrated that a clear abuse of discretion occurred. *See Government of the Virgin Islands v. Gereau,* 603 F.2d 438, 443 (3d Cir. 1979); *United States v. Bickoff,* 531 F.2d 182, 182 (3d Cir. 1976). The presentence report asserted that Ligori "deserves little if any leniency, as he appears to lack remorse for this offense, as well as, numerous victimizations in the past," and as Ligori acknowledges in his brief, he introduced no evidence supporting his rule 35 motion that was not already part of the record. Ligori has few assets, but he also has few liabilities other than this fine. The fine imposed certainly does not exceed the maximum allowed by law. Moreover, the district court was able, as we are not, to judge the credibility of Ligori's claim that he did not profit from his crime, which involved the distribution of cocaine. Given our narrow scope of review, we cannot say that the district court clearly abused its discretion in declining to eliminate the fine.

### III.

The order of the district court denying Ligori's motion to reduce sentence will be affirmed.

A. LEON HIGGINBOTHAM, Jr., Circuit Judge, concurring.

I agree fully with the majority's statement of the case and its affirmance of the denial of Ligori's Rule 35 motion to eliminate the $5,000 fine portion of his sentence. Because I do not agree with the majority's reasoning that a Rule 35 proceeding is not part of a defendant's sentencing for the purposes of compliance with a plea agreement, I write separately to concur in the result reached by the majority.

### I.

The majority contends that "the Government adhered to the terms of the plea bar-

gain."[1]    Majority Opinion, at 131.    The Government agreed that:

> [I]t will make no recommendation as to the sentence to be imposed by the Court, but of course reserves the right to correct any factual inaccuracies contained in the presentence report or that might be made at allocution.    The United States further agrees to dismiss the remaining counts of the Indictment . . . after the imposition of sentence.    There are no other promises made to this defendant in connection with this plea.

While it is true that the Government did not make a recommendation at the time of the *initial* sentencing, I think the majority's reading of the agreement is too literal.    It is my belief that the Government's agreement to "make no recommendation as to the sentence" extended to the defendant's Rule 35 motion.[2]

In *United States v. Ewing*, 480 F.2d 1141 (5th Cir. 1973) (per curiam), the court was presented with factual proceedings identical to those in the present case.    There the Government agreed not to oppose Ewing's request for probation.    At the initial sentencing, the Government did not oppose probation, but the district court denied Ewing's request nonetheless.    Ewing then filed a Rule 35 motion seeking a reduction of his sentence to probation.    The Government was represented by a different attorney at the Rule 35 hearing who strenuously opposed the requested reduction.    The Fifth Circuit analyzed the problem in the following manner:

> We must determine the significance of the Government's apparently inadvertent breach of its promise not to oppose probation.    Although the promise was kept when sentence was imposed, it was not kept at the hearing to reduce the sentence.    Strong guidance is provided by *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).    In that case the defendant agreed to enter a guilty plea in exchange for the Government's promise not to make a sentence recommendation.    At the sentencing hearing the Government inadvertently failed to keep its part of the bargain. The Supreme Court held that the Government's failure to afford the defendant the benefit of his bargain invalidated the guilty plea regardless of whether or not the sentencing judge was influenced by that failure.    Fair administration of the criminal process and the interests of justice do not permit the prosecution to violate, whether intentionally or unintentionally, promises made in the negotiation of guilty pleas.
>
> Our case is almost identical to *Santobello* except for the fact that the prosecution fulfilled its commitment at the initial sentencing hearing only to breach it at the subsequent hearing on Ewing's Rule 35 motion for the reduction of sentence. But this distinction is of little import because both of these proceedings were integral parts of the sentencing process in this case.    *Surely when Ewing obtained the Government's promise not to oppose probation in exchange for his plea of guilty, he did so in the expectation that the benefits of that promise would be available throughout the proceedings relevant to the determination of his sentence.    The Government was obligated to fulfill its commitment at least until the question of Ewing's sentence was finally resolved by the sentencing judge.*

480 F.2d at 1143 (emphasis added).    The court concluded that Ewing's case had to be remanded to a different judge for a new Rule 35 hearing.

---

1.    Count One, to which Ligori pleaded guilty, was for conspiring to distribute cocaine in violation of 21 U.S.C. § 846.    Counts Two through Four, which were dropped in accordance with the agreement, alleged that Ligori distributed a total of 13 ounces of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

2.    Rule 35 provides in pertinent part that:

(b) REDUCTION OF SENTENCE.    The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

Here, prior to Ligori's Rule 35 hearing, the Government wrote a letter to the sentencing judge which stated in essence that the original sentence was fair and that

> [t]here is nothing in the petition now before the Court that would, in the Government's opinion, justify any reduction or modification of the fine. Therefore, the Government respectfully urges the Court to deny the defendant's petition.

App. at 21–22. Clearly, if the reasoning of the *Ewing* court is correct, and I believe it is, the Government has breached the plea agreement.[3]

Notwithstanding my disagreement with the majority on the applicability of *Ewing*, I concur in the result reached by the majority for two reasons. First, on the facts of this case, Ligori's attorney waived the right to a remand before a different judge when in a letter to the sentencing judge he wrote "[a]lternatively, defendant respectfully requests that the Court completely disregard the Government's letter. . . ." The district court's Order of November 18, 1980, which denied Ligori's motion specifically disavowed any reliance on the Government's letter in opposition. Thus, Ligori received the alternative relief which he requested and is entitled to no more. Second, I do not believe that a remand to another district judge is automatically compelled every time the Government breaches its agreement in a Rule 35 proceeding. *See United States v. Arnett*, 628 F.2d 1162, 1165–66 (9th Cir. 1979).[4] Because I believe that Ligori waived his right to seek a remand to another judge, it is not necessary to decide

whether a different judge would have been required in this case if a remand were granted.

---

3. At oral argument, counsel for the Government revealed that the United States Attorney's Office has changed its policy so that henceforth it will spell out any obligations it intends to assume regarding the Rule 35 motion and any subsequent hearings.

4. In *Arnett*, the court quoted from *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (en banc) which enunciated the following three prong test for determining the need for a different judge on remand:

> Absent proof of personal bias requiring recusation, Title 28 U.S.C. § ·144, the principal factors considered by us in determining

whether further proceedings should be conducted before a different judge are (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.
628 F.2d at 1165.