Frederick Leslie BROOKS,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 81–2130.

United States Court of Appeals,
Seventh Circuit.

Submitted April 27, 1983.

Decided June 1, 1983.

As Corrected June 2, 1983.

Frederick Leslie Brooks, pro se.

Sarah Evans Barker, Kennard P. Foster, Asst. U.S. Attys., Indianapolis, Ind., for respondent-appellee.

Before CUMMINGS, Chief Judge, and WOOD and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The appellant, Brooks, pleaded guilty to a drug charge, pursuant to a plea agreement with the government that stated, "The government would recommend neither for nor against an executed sentence in this cause." The government made no recommendation for sentence at the sentencing hearing, and Brooks was sentenced to 4 years in prison and fined $5,000. He later moved under Rule 35(b) of the Federal Rules of Criminal Procedure for a reduction of sentence. The government responded that Brooks' motion "fails to recite any change in circumstances or any matter in mitigation that was not brought to the attention of the Court, or that could [not] have been brought to the attention of the Court at the defendant's disposition hearings. Defendant has made no showing which would justify any further leniency by the Court.... The defendant has already received consideration and mercy having been sentenced to serve four (4) years upon conviction of charges that carried a maximum sentence of five (5) years." The district court denied Brooks' Rule 35(b) motion, and he then filed a motion under 28 U.S.C. § 2255 to set aside his conviction on the ground that the government had broken its plea agreement by opposing the Rule 35(b) motion. He appeals from the district court's denial of his section 2255 motion.

A plea bargain is, in law, just another contract, *United States v. Mooney,* 654 F.2d 482, 486 (7th Cir.1981), so if by opposing Brooks' motion for reduction of sentence the government broke its promise not to recommend for or against an executed sentence he is entitled to appropriate relief. Whether that relief would be to be resentenced by the same or by a different judge or to be allowed to withdraw his plea

of guilty we need not decide, for we do not think the government broke its promise. All the government promised was not to make a sentence recommendation; it does not appear that the word "executed" qualifies "sentence" in any way relevant to this case or that the words "in this cause" have some special significance. The government fulfilled its promise and Brooks was then duly sentenced. The government did not make a further promise that after Brooks was sentenced it would stand mute in the face of any efforts he might make to get the sentence reduced. It is stretching the language of the agreement to interpret the government's opposition to Brooks' Rule 35(b) motion as a recommendation for the four-year sentence that the judge had imposed. And we do not see why the language should be stretched. The government gives up a lot when it gives up its right to oppose the defense counsel's arguments for leniency at the sentencing hearing; it would be giving up much more if it gave counsel another free shot at the judge in the form of a Rule 35(b) motion.

Therefore, "In the absence of any indication that the parties expected the Government not to oppose a Rule 35 motion, we would hesitate to imply such a condition. The prosecutor honored his commitment to make the agreed sentence recommendation at the sentencing hearing. The short motion in opposition to the defendant's Rule 35(b) motion essentially recounted the details of the sentencing proceeding. The defendant complains that the prosecutor's position was not neutral . . . , particularly because of the Government's inclusion of the statement that 'Mooney's sentence is lawful, appropriate, not excessive, justified, and as such, his motion should be denied.' We are not prepared, however, to say that this plea agreement necessarily required the Government to remain wholly neutral." *United States v. Mooney, supra,* 654 F.2d at 486. Yet Mooney had a better case than Brooks. The government had agreed to recommend 10 years but the judge had sentenced him to 25. Although one might have thought that the government's agreement to recommend a 10-year sentence

carried with it an obligation to support or at least not impede the defendant's effort to get a longer sentence reduced to the recommended length, this court was unwilling to interpret the plea agreement even that broadly.

In *Bergman v. Lefkowitz,* 569 F.2d 705, 707 n. 3 (2d Cir.1977), a state prosecutor, as part of a plea agreement, promised that he would "recommend to the Judge of the New York State Supreme Court who will sentence Bernard Bergman on his plea of guilty . . . that . . . no sentence additional to that imposed by the United States District Court Judge on the federal indictment be imposed here." The prosecutor made the recommendation but later opposed Bergman's motion for a reduction of the sentence imposed by the state judge, who had disregarded the prosecutor's recommendation. *Id.* at 713. The Second Circuit held that the plea agreement had not been violated by the prosecutor's opposition to the motion for reduction of sentence. "Before accepting the agreement the judge had placed everyone on notice that he might decide not to follow that recommendation and the agreement did not require the Special Prosecutor to join in any appeal or postconviction proceeding with respect to any additional sentence so imposed." *Id.* at 716. The only difference between *Bergman* and this case is that the agreement here was to make no sentence recommendation, rather than to recommend no additional sentence; and we cannot see how this difference can help Brooks.

 His best cases are *United States v. Ewing,* 480 F.2d 1141 (5th Cir.1973) (per curiam), and *United States v. Arnett,* 628 F.2d 1162 (9th Cir.1979). In *Ewing,* the prosecutor promised not to oppose probation for the defendant but the court sentenced the defendant to prison anyway, and when he moved under Rule 35 to have the prison sentence converted to probation the government opposed his motion. The Fifth Circuit held that the government's opposition was a breach of the plea agreement. *Ewing* is like *Mooney:* an agreement not to oppose probation could be interpreted to mean that

the government would not oppose a post-sentence motion designed just to obtain what the government had said it would not oppose. *Ewing* cannot have much vitality in this circuit after *Mooney;* and while it is true that *Mooney* purports to ·distinguish rather than to reject *Ewing,* the difference between distinguishing and rejecting is in this instance one of judicial decorum rather than of substance. As noted in *Mooney, Ewing* has been interpreted narrowly, even in the Fifth Circuit. See 654 F.2d at 485, citing *United States v. Johnson,* 582 F.2d 335, 337 (5th Cir.1978) (per curiam). One of the cases that construes *Ewing* narrowly is *Arnett,* see 628 F.2d at 1164, 1165 n. 4, which rejected on facts virtually identical to those in the present case the proposition "that a plea bargain committing the government 'to take no position as to the appropriate sentence' binds the government, as a matter of law, to remain silent at the time of a motion for reduction of sentence," *id.* at 1164–65. The only thing in *Arnett* that is helpful to Brooks is the statement that "resolution of the good-faith disputes over the terms of an agreement should be made by the district court, to whom the plea was originally submitted, 'on the basis of adequate evidence,'" *id.* at 1164, which led the court to remand the case for a factual hearing to determine whether the agreement had been violated. There is no indication in the present case that a factual hearing would clarify the plea agreement. Brooks' argument is not that the agreement is ambiguous and therefore that extrinsic facts are necessary to bring its intended meaning to light but that the agreement on its face requires the government not to oppose any Rule 35(b) motion that he might make. As we cannot accept this argument we conclude that the judgment denying Brooks' motion for relief under 28 U.S.C. § 2255 must be

AFFIRMED.