UNITED STATES of America, Plaintiff,

v.

Percy GARNETT, Jr., Defendant.

Crim. No. 86–00116–E.

United States District Court,
N.D. West Virginia,
Elkins Division.

Aug. 19, 1988.

---

William A. Kolibash, U.S. Atty., Wheeling, W. Va., for plaintiff.

Matthew L. Fair, Elkins, W. Va., for defendant.

## ORDER

MAXWELL, Chief Judge.

Defendant in the above-styled criminal action, having been adjudged guilty of escape, in violation of Title 18, United States Code, Section 751(a), was sentenced on October 20, 1987, to imprisonment for a period of two (2) years with credit being given for time served while in pre-trial detention.

On October 26, 1987, Defendant filed his "Notice of Appeal," *pro se*, indicating that he was appealing the imposition of the two-year sentence to the United States Court of Appeals for the Fourth Circuit.

While this appeal was pending, on October 28, 1987, Defendant filed a Motion for Reconsideration/Reduction of Sentence pursuant to Rule 35, Federal Rules of Criminal Procedure. On November 12, 1987, the Government filed its response requesting that said Motion be denied.

Thereafter, the Court received from Defendant numerous handwritten papers requesting relief from the above-referenced sentence, all of which have been filed and made a part of the record. In particular, the Court received from Defendant on November 18, 1987, a document entitled "Motion to Vacate, Set Aside, or Correct Sentence, By a Person in Federal Custody (28 U.S.C. § 2255 & 2243)." This document alleged that the United States Attorney had violated the terms of the plea agreement by filing a motion resisting Defendant's Rule 35 Motion.

By Order entered December 9, 1987, the Court indicated that the filing of a notice of appeal in a criminal matter deprives the District Court of jurisdiction, during the pendency of the appeal, to entertain a motion for reduction of sentence. The Court, accordingly, deferred consideration of the issues raised and suggested by Defendant until such time as this Court regained jurisdiction.

On March 28, 1988, the Court received an Order from the United States Court of Appeals for the Fourth Circuit indicating that the appeal in this case was dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

By letter dated May 17, 1988, the Defendant advised the Court that he was still owed credit for time served in connection with the pre-trial detention. The Court ordered the letter filed and directed the United States Attorney to respond to the questions raised by Defendant's correspondence. On July 19, 1988, an Assistant United States Attorney responded indicating that contact had been made with authorities at the Federal Correctional Institution in Petersburg, Virginia, and the Records Department verified that Mr. Garnett has been given the appropriate credit for time served.

It is appropriate to note that after receiving a letter from the Federal Bureau of Prisons, expressing concerns over crediting Defendant with time served, the Court on March 2, 1988, entered an amended Judgment and Commitment Order committing Defendant to the custody of the Attorney General for a period of one (1) year, six (6) months, and seventeen (17) days. The Court is satisfied that by amending the original Judgment and Commitment Order, Defendant has been given credit for all time served and nothing further is required of the Court in this regard.

Finally, on July 28, 1988, the Court received a one-page handwritten letter from the Defendant noting that his appeal has been dismissed and informing the Court of his intent to file another motion, pursuant to Rule 35, Federal Rules of Criminal Procedure. On July 28, 1988, Defendant filed a Motion for Reduction of Sentence, once again raising the issue that the Assistant United States Attorney had breached the plea agreement by objecting to Defendant's original Rule 35 motion. The United States Attorney has not filed a response to the allegations regarding breach of the plea agreement.

Inasmuch as Defendant's appeal to the Fourth Circuit Court of Appeals has been dismissed, this Court now has regained jurisdiction to consider the matters presented.

Accordingly, Rule 35(b) limits the time within which the Defendant may present the Court with a motion to reduce a sentence to within 120 days after the sentence is imposed or within 120 days after receipt by the Court of a mandate issued upon dismissal of the appeal. Defendant's motions have been timely filed.

Under Rule 35, motions for reduction of sentence are addressed to the sound discretion of the Court. However, the Court's consideration of Defendant's Rule 35 Motion, in this instance, may be controlled by matters alleged in Defendant's petition filed pursuant to 28 U.S.C. § 2255; therefore, the Court must first consider that issue.

■ Defendant's § 2255 petition and the subsequent Rule 35 motion contend that he is entitled to a six-month reduction in sentence because the U.S. Attorney breached the plea agreement by responding to Defendant's original Rule 35 motion. Although a defendant has no constitutional right to have an executory plea agreement specifically enforced, *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), once a plea actually is entered, and was induced by a prosecutor's promise to abstain from making a sentencing recommendation, that promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971).

In determining whether a particular plea agreement has been violated, the Court must look to what the Defendant reasonably understood when he entered the guilty plea. The plea agreement filed in this case on July 7, 1987, states at paragraph 3:

> ... The Defendant understands that the matter of sentencing is left in the sole discretion of the sentencing judge, and the United States will take no position with respect to the final disposition. The United States does retain the right to respond to any questions raised by the Court, correct any inaccuracies or inadequacies in the anticipated pre-sentence report, and to respond to any written or oral statements made to the Court by Mr. Garnett and/or his attorney pertinent to matters herein.

The question before the Court is whether a promise to "take no position with respect

to the final disposition" allows the Government to oppose a Rule 35 motion to reduce sentence. In *United States v. Ewing*, 480 F.2d 1141 (5th Cir.1973), the Fifth Circuit found that the government had breached a plea agreement not to oppose probation when, after a prison sentence was imposed, the government opposed subsequent motions to reduce the sentence to probation. Compare, however, *Brooks v. United States*, 708 F.2d 1280, 1281 (7th Cir.1983), where the Seventh Circuit found that the government's promise that it "would recommend neither for nor against an executed sentence" was not broken by opposing defendant's subsequent motion to reduce sentence.

Despite this split of authority among the Courts of Appeals, the Government went one step further in the instant case by promising to "take no position with respect to the final disposition." This Court is of the view that both the initial sentencing hearing and subsequent motions relating to sentencing constitute integral parts of "final disposition." It is reasonable to assume that when Defendant entered his guilty plea, he did so in the expectation that the benefits of the Government's promise would be available throughout the proceedings until final disposition. The Government was obligated to fulfill its commitment, and by opposing the Rule 35 motion, the Government, did indeed take a position, thus, breaching the broad language of its plea agreement. It appears that the relevant portion of the plea agreement before this Court is more far reaching than the related plea agreement provisions that were considered by the Fifth and Seventh Circuits.

■ The Court must now determine what relief should be awarded, if any, to Defendant under *Santobello, supra*. The Supreme Court in *Santobello* left open the question of appropriate relief where the plea bargain is breached. In that case, it remanded to the state court the determination of whether the circumstances of the case required specific performance or, alternatively, the opportunity to withdraw the guilty plea. *Santobello, supra*, 404

U.S. at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

In the matter under consideration, Defendant has not requested that his guilty plea be vacated, but rather that his sentence be reduced by six months. *Santobello* does not afford the Court such an option.

■ Accordingly, the appropriate remedy in this situation is specific performance. Since the Government breached its promise only on the motion to reduce sentence, and not at sentencing, Defendant is not entitled to have his plea set aside. However, the Defendant must be given the opportunity to have his original Rule 35 motion considered by a judge other than the judge originally assigned to this criminal action and before whom the Government would be precluded from taking a position on final disposition. *Ewing, supra*, at 1143. Such relief is consistent with "what is reasonably due in the circumstances." *Santobello, supra*, 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. Whether this Court would have been influenced by the Government's argument is immaterial, as noted in *Santobello*.

In view of the foregoing, it is

ORDERED that Defendant's § 2255 Petition be, and hereby is, GRANTED in part, to the extent that Defendant's original Rule 35 Motion shall be referred to the other Judge of this District, and DENIED in part, inasmuch as Defendant's sentence is not being reduced as a result of the violation of the plea agreement.