**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 02-3172 |
| | (D.C. No. 01-CR-40106-JAR) |
| DWAYNE ALLEN GILMORE, | (D. Kan.) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY** and **LUCERO,** Circuit Judges.

Dwayne Allen Gilmore pled guilty to voluntary manslaughter in violation
of 18 U.S.C. § 1112 for the death of his two-year old stepson, and to assault on a
person under the age of sixteen resulting in serious bodily injury in violation of
18 U.S.C. § 113(a)(7), stemming from a prior incident involving the same child.
He appeals his sentence of 180 months. We affirm.

Mr. Gilmore killed his stepson by kicking him in the chest. To avoid trial
on a charge of second degree murder, he pled guilty to voluntary manslaughter

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and agreed to move jointly with the government for an upward departure to a level at which he would be sentenced in line with a second degree murder conviction. The plea agreement contemplated a departure to offense level 35, a three point reduction for acceptance of responsibility, and a sentencing range of 151-188 months. The government agreed not to oppose Mr. Gilmore's request for a sentence at the low end of that range. The plea agreement and the sentencing hearing transcript clearly indicate Mr. Gilmore's understanding that the court would not be bound by the terms of the plea agreement.

Despite the government's urging, the district court declined to impose Mr. Gilmore's requested sentence of 151 months. Believing the upward departure should extend one level beyond that contemplated in the plea agreement, the court departed to a level 36. Allowing a reduction for acceptance of responsibility, the court reached a sentencing range of 168 to 210 months. It then sentenced Mr. Gilmore to 180 months, which was the statutory maximum punishment for the two counts and also fell within the overlap of the two sentencing ranges at issue here.[1]

---

[1] The fact that the actual sentence imposed falls in the sentencing range contemplated by the plea agreement as well as the range chosen by the court does not automatically render any potential error harmless unless the court explicitly states that it would have chosen the given sentence regardless of which range it selected. *See United States v. Urbanek*, 930 F.2d 1512, 1515-16 (10th Cir. 1991). While the court noted its intention to depart to the statutory maximum, we are not persuaded this is a sufficiently explicit statement. Erring on the side of caution, we will determine whether level 36 was otherwise improper.

Mr. Gilmore contends the court erred, maintaining that the degree of upward departure was unwarranted.[2]  We do not agree.

The district court carefully apprised Mr. Gilmore that the plea agreement did not bind the court to sentence him to a maximum of 151 months:

> THE COURT:  Just so I'm clear, the agreement that the defendant and the Government have reached is that although this superceding information involves two charges that are different than the way this was charged originally – and one is a voluntary manslaughter charge which has a statutory maximum penalty of 10 years, and the other is an assault charge which has a maximum statutory penalty of five years – the Government and the defendant have agreed that if the Court were to sentence this defendant strictly by the sentencing guidelines, this defendant would receive a sentence in a range that would be substantially less than what he would receive under the sentencing guideline range for a murder two conviction; but through this plea agreement, the parties are stipulating that the Court can apply this particular guideline provision which will allow the Court to depart upward, to the top of the sentencing guideline range, and essentially to the top of the

_____

[2] Mr. Gilmore also contends the government violated its agreement not to oppose a sentence at the low end of the guideline range by arguing on appeal in support of the district court's sentencing decision.  We disagree.  The plea agreement is silent as to the government's rights or obligations regarding arguments on appeal, stating only that the government agrees "not to oppose" a sentence at the low end of the guideline range.  While there is no time limitation in the language of the plea agreement, there is also no explicit statement of a continuing duty.  Other circuits have held that the government's waiver of its right to participate must be explicit.  *See, e.g., United States v. Howard*, 894 F.2d 1085, 1091 (9th Cir. 1990) ("[W]e will not bar the government from participating in an appeal when the plea agreement fails to indicate that the parties clearly intended such a result."); *Brooks v. United States*, 708 F.2d 1280, 1282 (7th Cir. 1983) (construing obligation as ending with sentencing itself).  We decline to imply a promise on the part of the government extending past sentencing.  Accordingly, we **DENY** Mr. Gilmore's motion to strike the government's brief.

statutory penalties such that the Court could sentence this defendant to a total of 15 years actual time; is that correct?

MR. LUEDKE: That's the statutory maximum, Your Honor.

THE COURT: Correct. That's not the guideline maximum, but *because of the stipulations you all have entered into, essentially you are agreeing that the Court can sentence this defendant to the statutory maximum, 15 years, which is about what the defendant would receive under the guidelines with a second-degree murder conviction; is that correct?*

*MR. LUEDKE: That's correct, Your Honor.* I think that both the defendant and the Government had envisioned in this plea a sentence of 151 months, which would have been the bottom of the guideline range had the defendant pled to second-degree murder, received the enhancements and credits that would have been appropriate. That would have been the bottom of the guideline range.

THE COURT: All right. And this plea agreement is not binding on the Government, correct?

MR. WURTZ: It's binding on the Government; it's not binding on the Court.

THE COURT: Or, I'm sorry, not binding on the Court.

MR. WURTZ: Yes.

*THE COURT: All right. Is that your understanding of the terms of the plea, Mr. Gilmore?*

*MR. GILMORE: Yes, ma'am.*

Rec., vol. II at 18-20 (emphasis added). Mr. Gilmore thus understood not only that he might be sentenced anywhere in the 151-188 month range to which he had agreed, but that the statutory maximum was 180 months. More importantly, he had agreed to an upward departure and knew the court was not bound to remain at any particular level.

The degree of upward departure is committed to the discretion of the sentencing court and we review only for abuse of that discretion. *See, e.g.,*

-4-

*United States v. Goldberg,* 295 F.3d 1133, 1135 (10th Cir. 2002); *United States v. Whiteskunk*, 162 F.3d 1244, 1249 (10th Cir. 1998); *see also United States v. Li*, 206 F.3d 78, 88 (1st Cir. 2000); *United States v. Rodriguez-Castro*, 908 F.2d 438, 442 (9th Cir. 1990). The court gave numerous explicit reasons for the degree of departure as follows:

> The court intends to depart upward to the statutory maximum on both counts . . . The reason the court is intending to depart to this extent is because of the very heinous nature of this offense. The guideline range - or the sentencing guidelines themselves - call for this type of offense for a four-level enhancement under the specific offense characteristic, Section 2A2.3(b)(1), if the offense resulted in substantial bodily injury to an individual under the age of 16. . . . The court finds that this particular offense, of course, was committed against a child far under the age of 16, a two-year-old child, and it was extreme substantial bodily injury, heinous bodily injury, done to this essentially baby. And the victim, a two-year-old child, died as a result of the injury sustained after the defendant kicked him in the chest, an extremely heinous and brutal and vicious thing to do to anyone, much less a two-year-old baby, and then shook him and dropped him onto the ground two or three times. The Court has determined that the actual conduct underlying this offense is far outside of the heartland that the drafters of the sentencing guidelines had in mind when they called for a four-level enhancement for substantial bodily injury to someone under the age of 16. The Court does not think that within the heartland of cases the Sentencing Commission considered a case such as this – an extremely vulnerable and young child and an injury that far exceeded the Court's discretion and determination – as something that could be characterized as substantial[] bodily injury. So for this reason the Court's going to depart upward more than the parties' joint motion asks for or recommends. . . . The Court has taken into consideration the nature of the instant offense, the defendant's personal history and characteristics, his specific involvement in the instant offense of conviction, and the provisions of sentencing guidelines section 5K2.1, that's the guideline on death; 5K2.21, the guideline on

dismissal and uncharged conduct. . . . The Court believes this sentence is appropriate based on the death of the defendant's stepson, the extremely brutal and heinous injury that was done to the body of the two-year-old, and further on the dismissal and uncharged conduct that the defendant was charged with in the original indictment. Additionally, the Court believes that the sentence will meet the objectives of punishment, general deterrence, and incapacitation.

Rec., vol. III at 5-7, 19.

While we acknowledge that one of the factors mentioned by the court – the use of the guideline factor of death – is not appropriate because it is already an element of the offense, we are permitted in such a case to examine the district court's reasoning as a whole to determine whether the degree of departure was taken in reliance on the inappropriate factor, or whether the same sentence would have been imposed in the absence of consideration of that factor. *See Whiteskunk*, 162 F.3d at 1249-50. Our review of the record indicates that the district court did not particularly rely on the factor of death, and that the court intended to sentence Mr. Gilmore to the statutory maximum in any event, based on the totality of the considerations noted above. We are not persuaded the district court abused its discretion in the degree of upward departure in this case.

Accordingly, we **AFFIRM** Mr. Gilmore's sentence.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge


-6-