### UNITED STATES of America

v.

### Samuel STOLON, Defendant.

### No. CR 80–507.

United States District Court,
E.D. New York.

Jan. 14, 1983.

**64**

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Joel Cohen, Sp. Atty., Strike Force, Brooklyn, N.Y., for plaintiff.

Gold, Farrell & Marks by Martin Gold, New York City, for defendant.

## MEMORANDUM & ORDER

PLATT, District Judge.

Defendant moves for an order (i) vacating the sentence imposed herein upon him and directing the reassignment of this case to a different judge of this Court for re-sentencing [1] or, in the alternative, directing the reassignment to a different judge of this Court of defendant's motion dated November 30, 1982, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, to vacate or reduce said sentence, and (ii) directing the government to comply with its obligations pursuant to the plea agreement herein dated November 2, 1982, "on the ground that the government has by its opposition to defendant's Rule 35 motion breached its agreement to take no position with respect to sentencing and irretrievably tainted further proceedings" before the undersigned regarding sentencing.

On November 5, 1982, following the defendant's plea of *nolo contendere* to one count of misdemeanor copyright infringement in violation of 17 U.S.C. § 506(a), this Court sentenced the defendant to a one year term of imprisonment and, as indicated, on November 30th defendant served and filed a motion to vacate or reduce his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Thereafter, on December 3, 1982, the government sub-mitted an eight page letter to the Court in opposition to such motion thereby violating, according to the defendant, paragraph 4 of the plea agreement dated November 2, 1982 between the parties. This paragraph provides:

"4. The government shall take no position with respect to sentencing, and shall make no statement, written or oral, prior to the imposition of sentence except to correct alleged inaccuracies or respond to questions."

The government's position is that paragraph 4 of the plea agreement precluded it from taking any position or making any statement "prior to the imposition of sentence" but did not preclude it from taking any position or making any statement after sentence had been imposed.

The defendant relies heavily on *United States v. Corsentino,* 685 F.2d 48 (2d Cir. 1982), where the government made a plea agreement in which it agreed "to take no position at sentence." After imposition of an eight year sentence and a request by defense counsel to impose the same pursuant to 18 U.S.C. § 4205(b), the government, in response to a request by the Court for its view of this request, expressed opposition thereto. Under these circumstances, the Court of Appeals for this Circuit held that the defendant was entitled to a resentencing before another District Judge.

The Fifth Circuit case of *United States v. Ewing,* 480 F.2d 1141 (5th Cir.1973), is factually more similar to the case at bar. In that case, at the initial sentencing hearing the government fulfilled its commitment not to oppose a sentence of probation, but at a subsequent hearing on defendant's Rule 35 motion, the government argued strongly in opposition to the defendant's request for probation. On appeal from the District Judge's denial of the defendant's motion, the Court of Appeals for that Circuit held that the defendant was entitled to

---

1. Even though defendant requests on this motion that his sentence be vacated and that he be "resentenced", he maintains that he does not wish to move to withdraw his *nolo* plea pursuant to Rule 32(d). In essence, defendant wants to rescind all of the proceedings subsequent to the entry of his plea of *nolo.* There was no "taint" of the proceedings, however, by the government or anyone else between the entry of such plea and the imposition of the sentence. Hence, defendant would not appear to be entitled to this particular relief.

have his Rule 35 motion submitted to a different judge where the government would be barred from opposing probation.

The government argues, on the other hand, that the *Ewing* decision has been severely limited by the Second Circuit in *Bergman v. Lefkowitz,* 569 F.2d 705 (2d Cir.1977); the Fifth Circuit itself in *United States v. Johnson,* 582 F.2d 335 (5th Cir. 1978); the Third Circuit in *United States v. Ligori,* 658 F.2d 130 (3d Cir.1981); and the Ninth Circuit in *United States v. Arnett,* 628 F.2d 1162 (9th Cir.1979). The Second Circuit apparently distinguished *Ewing* by noting that in *Ewing,* "the government agreed not to oppose a probationary sentence and then did precisely that on a Rule 35 motion" 561 F.2d at 716; and the Fifth Circuit did so by stating that "the government violates *Ewing* only when its opposition violates the essence of the plea bargain." 587 F.2d at 337. The government argues further that its "opposition was based, in large part, on misleading and bad faith arguments,[2] defense submissions which would have made it implausible for the government not to oppose it." (Government's Memo at 7).

This latter argument, of course, would carry much more weight if the words "in large part"[3] could honestly be omitted; indeed, it is the "remaining part" that gives

rise to the question posed herein. The government did state in its letter of December 3, 1982 that it opposed "a discretionary reduction of sentence" and that "all of the government attorneys responsible for the case always believed that a jail sentence was appropriate—a one year term is certainly reasonable—particularly since it (sic) had indicted Stolon on and believed him guilty of, a 20 year racketeering count."

The question then is whether the intent of the parties in their agreement is so clear that the government may not be said to have violated the "essence" of the plea bargain. This Court thinks not in view of that part of the agreement in which the government agrees that it "shall take no position with respect to sentencing." In addition, the Courts of Appeals for this and the Fifth Circuit seem to indicate that the essence of a commitment by the government of the type made here carries through to and including a Rule 35 motion.

Furthermore, notwithstanding the fact that this Court (along with all the other federal district court judges) is perfectly capable of ignoring and/or erasing from its consideration the objections submitted by the government on a motion of this type and despite the fact that this Court played no part in the production of the alleged taint,[4] at least one (if not both) Court of

---

**2.** We think the government, in its letter addressed to this Court, dated December 3, 1982, correctly (and the defendant incorrectly in its papers) set forth and analyzed the facts pertaining to (i) the sentence; (ii) the Court's alleged "intervention" in sentencing panel considerations and plea negotiations; (iii) the Court's alleged acceptance of defendant's *nolo contendere* plea as an admission of guilt; (iv) the Court's consideration of the evidence in the entire case in imposing sentence; and (v) the defendant's mistake. As to the latter, the Court in the pre-plea conferences clearly indicated to the defendant that a jail term was a good possibility when it expressed its unwillingness to accept an *Alford* plea in view of a possible "2255". (28 U.S.C. § 2255).

While this Court is not, by the above, making a ruling on defendant's Rule 35(a) motion, it feels free to make (and to pass along to the new judge) the above observations in view of that portion of the plea agreement that permits the government to correct alleged inaccuracies.

**3.** In the "large part" sector, both parties exposed to this Court for the first time details with respect to their plea negotiations, the only startling part of which is the government's revelation through its new attorney that the former government attorneys had conducted plea negotiations with defense counsel between the date of the verdict and the date of this Court's decision on defendants' motion for judgment of acquittal and for a new trial. This conduct on the part of the former government attorneys scarcely supports their later asserted beliefs with respect to the strength of the government's case and their unprofessional and discourteous statements made to the Court of Appeals and the media regarding this Court's decision granting a new trial herein.

**4.** It should be noted that the defendant, on the oral argument and in its papers, vigorously argued (i) that it was improper for this Court only to refer his Rule 35 motion to another judge (even though this was an alternative for

Appeals seems to believe that the "appearance of justice", 480 F.2d at 1143, might be best served by transferring [5] at least the allegedly tainted portion of the proceedings, i.e., in the case at bar this Rule 35 motion, to another judge of the Court.

Accordingly, even though in this particular case, where all of the facts and circumstances in this protracted criminal case are known to the undersigned and not known to any other judge of this Court, and where, in the opinion of the undersigned, the interests of judicial economy and even the interests of justice may not necessarily be best served by the transfer of this motion to another judge, the undersigned feels compelled [6] to do so in view of the above-cited appellate decisions.

## CONCLUSION

The government, having taken a position with respect to sentencing in its letter addressed to this Court dated December 3, 1982, in apparent violation of its plea agreement dated November 2, 1982, and one or

more appellate courts having indicated in other matters that under such circumstances the "appearance of justice" may be best served by transferring a motion such as defendant's Rule 35 motion herein to another judge of this Court, defendant's motion for an order directing the reassignment of defendant's motion dated November 30, 1982, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, to a different judge, must be, and the same hereby is, granted; and

If no Notice of Appeal or other application is filed by either party with respect to this Order, the Clerk of this Court shall reassign this case pursuant to the random selection wheel for criminal cases to another judge of this Court for the purpose of hearing and deciding defendant's motion herein made pursuant to Rule 35; and

There shall be withheld from such other judge's consideration (i) those portions of the government's letter dated December 3, 1982 addressed to this Court which takes a "position with respect to sentencing" except

---

which he moved herein) and (ii) that the only appropriate relief was to vacate his sentence and refer the matter for resentencing on the grounds (a) that the *Corsentino* decision mandated this result and (b) that he was entitled to be sentenced and to make his Rule 35 motion before the same judge. Of course, the government agrees with the latter ground but maintains that the same judge should be the undersigned.

We firmly believe (i) that there has never been any "taint" of this Court's judgment by anything said by the government on the Rule 35 motion (and necessarily not retroactively on the sentencing itself), (ii) that *Corsentino* mandates a resentencing only where the alleged breach occurs "at sentence" as the plea agreement there provided, and (iii) that the "appearance of justice" test, on which this decision rests, requires only the referral of the Rule 35 motion. *Corsentino* is really not in point here except insofar as it appears to adopt said test. In that case, as indicated above, at the sentencing itself the judge asked for the government's position as to defendant's request that there be added to his sentence a right to be released on parole pursuant to 18 U.S.C. § 4205(b)(2) and the government indicated its opposition thereto. Under those circumstances, it is fair to assume that the judge not only did not ignore and/or erase from his consideration the government's stated opposition but, in fact, acted against the defendant thereon. On a

Rule 35 motion, such as presented here, a judge has ample time to determine what to take into consideration and what to ignore.

5. It is somewhat ironic that a "transfer" to another judge (even for this limited purpose) should be compelled by these circumstances at this juncture. Before the trial the defendants argued that this case should not have been assigned to this judge by the "related" case method but should be assigned by the random selection method; the government vigorously opposed this motion. Thereafter, following the grant of defendants' motion for a new trial, the government suggested on several occasions that this case should be reassigned to another judge for a re-trial; the defendants vigorously opposed that suggestion.

Now, of course, both parties have again switched sides on this issue. It seems in this case that when a party thinks he has not obtained what he desires, he wants another judge. To say the least, this does not seem to be a very appropriate way to conduct a litigation and ordinarily the Court would not permit it, but as indicated herein, the Court feels compelled to do so here under the so-called "appearance of justice" test. 480 F.2d at 1143.

6. In other words, in view of these decisions, the Court feels that it has no discretion in the matter and must reassign the motion.

as may be said to correct alleged inaccuracies, (ii) copies of this Memorandum and Order, except footnotes 2 and 3, and (iii) any transcripts of hearings in Court which contain any expression of such a position by the government except again as may be said to correct alleged inaccuracies. The parties in the first instance should attempt to stipulate as to these portions of the exhibits and the record, and, if unable to do so, should apply to this Court for assistance.

SO ORDERED.