**UNITED STATES of America, Appellee,**

v.

**Norman FEIGENBAUM, Defendant–Appellant.**

**Nos. 1146, 1147, Dockets 91–1564, 91–1565.**

United States Court of Appeals, Second Circuit.

Argued March 27, 1992.

Decided April 29, 1992.

Warren S. Landau, Smithtown, N.Y., for defendant-appellant.

Bernard J. Malone, Jr., Asst. U.S. Atty., Albany, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., Donald T. Kinsella, Asst. U.S. Atty., on the brief), for appellee.

Before: NEWMAN and CARDAMONE, Circuit Judges, and SAND, District Judge.*

JON O. NEWMAN, Circuit Judge:

This appeal concerns primarily the issue of whether a prosecutor's commitment not to make a recommendation "at sentencing" prohibits the prosecutor from opposing a motion to reduce a sentence. The issue arises on an appeal by Norman Feigenbaum from the September 3, 1991, order of the United States District Court for the Northern District of New York (Con. G. Cholakis, Judge) denying his motions pursuant to Rules 32 and 35(a), (b) of the Federal Rules of Criminal Procedure to vacate, correct, and reduce the sentence imposed in this pre-Guidelines case. On appeal, Feigenbaum contends that the District Court failed to make various factual determinations that were allegedly in dispute at the original sentencing, that the Court abused its discretion when it denied Feigenbaum's Rule 35 motion, and that the prosecutor's opposition to the Rule 35 motion violated the plea agreement between the parties. We reject these contentions and affirm.

### Background

Pursuant to a plea agreement, Feigenbaum pled guilty to one count of an information charging him with use of a communication facility in the facilitation of a drug transaction, in violation of 21 U.S.C.

---

* The Honorable Leonard B. Sand of the United States District Court for the Southern District of New York, sitting by designation.

§ 843(b), and to one count of an indictment charging him with filing a false tax return for 1984, in violation of 26 U.S.C. § 7206(1). The plea was entered pursuant to a written plea agreement in which the Government agreed "to make no recommendation *at the time of sentencing*" (emphasis added).

Prior to sentencing, Feigenbaum's attorney submitted a lengthy presentence memorandum detailing facts about the defendant's life. The defendant also wrote a letter to the probation officer, who was preparing the presentence report, setting forth the defendant's version of various matters relevant to his sentencing ("the December 10, 1990 letter").

At the time of sentencing, the Court asked Feigenbaum and his attorney whether there were any factual errors contained in the presentence report. The only factual errors brought to the attention of the Court concerned the potential maximum sentence of incarceration and a question as to the dates during which the defendant committed the offense detailed in the telephone count alleged in the information. The issue concerning the maximum potential jail term was resolved. With regard to the issue of the duration of Feigenbaum's involvement in the narcotics offense, the Judge indicated that he would accept whatever dates the record of the plea agreement showed. The Court acknowledged receiving the defendant's sentencing memorandum as well as a number of letters sent to the Probation Office and forwarded to the Court. Feigenbaum's attorney then urged the Court to impose a lenient sentence because of Feigenbaum's rehabilitation, his family problems, and his business setbacks. The Government, in conformity with the plea agreement, made no recommendation at the time of sentencing.

In imposing sentence, Judge Cholakis said that he had taken into consideration the presentence report, the information furnished to the Court through the letters, and the difficulties suffered by the defendant. The District Judge sentenced Feigenbaum to concurrent sentences of three years' imprisonment on each count and a total of $10,000 in fines.

Feigenbaum then filed a Rule 35 motion to vacate and reduce the sentence based upon (a) the alleged failure of the Court to resolve factual disputes, (b) the alleged failure of the Court to consider the defendant's December 10, 1990, letter to the Probation Office, and (c) the defendant's then current family situation and positive adjustment in prison. The Government opposed the Rule 35 motion, asserting that the Court had resolved all factual disputes brought to its attention, had considered all materials submitted to it, and had already considered all of the mitigating factors at the time of sentencing, except those relating to Feigenbaum's adjustment in prison.

In response to Feigenbaum's contention that the District Court had never received his December 10, 1990, letter, Judge Cholakis noted that as of the date of the Rule 35 motion, September 3, 1991, he could not specifically recall receiving and reviewing that document before sentence was imposed, but he did recall that he had been aware of all of the various matters set forth in the letter as of the date of sentencing. The District Judge further determined that he had in fact resolved all factual issues that had been brought to his attention on the date of sentencing. Finally, the Judge determined that he had considered all of the various mitigating factors at the time of sentencing, and that there was no basis for reducing the sentence. Though observing that the defendant's adjustment to prison life was "commendable," Judge Cholakis declined to reduce the sentence on that ground.

### Discussion

■ 1. *Alleged failure to make findings.* If a court does not make findings with respect to factual disputes or does not state that it is not relying on those disputed factors in determining the sentence, pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, the case must be remanded for resentencing, factual findings, or at least an opportunity for the judge to state whether or not any reliance was placed on the unresolved matters. *See United States v. Bradley*, 812 F.2d 774, 782 (2d Cir.), *cert. denied*, 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987).

■ The only issues that the defendant raised at the time of sentencing concerned the maximum statutory penalty and the time period during which he committed the narcotics offense. The first matter was fully resolved. As to the second, the minutes of the plea allocution support the defendant's contention at sentencing that he acknowledged participation in narcotics activity during the time period from February 1984 to July 15, 1985, and that the Government did not challenge those dates. Since the District Judge stated that he would be bound by whatever the record revealed, Feigenbaum has no basis for disputing the Judge's factual findings. However, he is entitled to have the presentence report corrected to reflect the more limited time period of his criminal activity, a correction the Government advised at oral argument it did not oppose. We will rely on the Probation Department to correct the presentence report and will rely on the Government to make sure that a corrected presentence report is furnished to the Bureau of Prisons.

■ Though the defendant now challenges other factual matters in the presentence report, we decline to consider them. Since Feigenbaum and his counsel were both given the opportunity to raise any factual errors contained in the report at the time of sentencing, appellant has waived the right to raise them at this time.

■ The District Judge's inability to recall whether he had read Feigenbaum's December 10, 1990, letter to the Probation Office does not present any basis for a remand. The Judge clearly stated that he had been aware at the time of sentencing of all the matters raised in that letter.

■ 2. *Reduction of Sentence.* Since the District Court had already considered all of the mitigating factors relied on in defendant's Rule 35 motion at the time of his original sentencing, the District Judge did not exceed his discretion in declining to reduce Feigenbaum's sentence. Though commendable prison deportment has been included among factors meriting consideration on a motion to reduce, *see United States v. Ochs,* 490 F.Supp. 1206

(S.D.N.Y.) (prison adjustment considered though motion denied in absence of evidence of true rehabilitation and contrition), *aff'd mem.,* 636 F.2d 1205 (2d Cir.1980), *cert. denied,* 451 U.S. 1016, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981), Judge Cholakis was entitled to decline to afford the defendant the requested reduction.

■ 3. *Breach of plea agreement.* Finally, Feigenbaum argues that the Government breached the plea agreement by opposing the Rule 35 motion. He contends that the Rule 35 application is an integral part of the sentencing process itself, at least for pre-Guidelines sentencing. Appellant notes that in *United States v. Ewing,* 480 F.2d 1141 (5th Cir.1973), the Fifth Circuit held that a promise not to oppose a request for a sentence of probation was broken when the Government, though not opposing the request for probation at sentencing, opposed it on defendant's Rule 35 application. Feigenbaum also relies on *United States v. Stolon,* 561 F.Supp. 63 (E.D.N.Y.1983), where District Judge Platt ruled that a Government commitment to take no position "with respect to sentencing" was violated by the prosecutor's opposition to a Rule 35 motion.

Whether or not we would follow *Ewing* and *Stolon,* neither directly supports appellant's claim in this case. *Ewing* involved a promise not to oppose a particular outcome without any indication that the promise was limited to the initial sentencing. *Stolon* involved a promise to make no recommendation "with respect to sentencing," a commitment that arguably applies to any proceeding at which the extent of a sentence is at issue. Opposed to these rulings are several decisions recognizing a prosecutor's right to oppose a Rule 35 motion despite a plea agreement pledging some form of neutrality concerning sentencing. *See Brooks v. United States,* 708 F.2d 1280, 1281–82 (7th Cir.1983) (commitment not to recommend "for or against an executed sentence"); *United States v. Ligori,* 658 F.2d 130, 131–32 (3d Cir.1981) (commitment to "make no recommendation as to the sentence to be imposed"); *United States v. Arnett,* 628 F.2d 1162, 1164–65 (9th Cir.1979) (commitment "to take no po-

sition as to appropriate sentence"). We have made a similar ruling with respect to a state prisoner asserting a due process violation in a habeas corpus petition, *see Bergman v. Lefkowitz*, 569 F.2d 705, 716 (2d Cir.1977), though we have explicitly left the issue open with respect to a federal prisoner, *see United States v. Carbone*, 739 F.2d 45, 47 (2d Cir.1984).

Although any ambiguity in a plea agreement should be resolved against the Government, *see United States v. Corsentino*, 685 F.2d 48, 51 (2d Cir.1982), there is no ambiguity in this case. *Cf. United States v. Arnett*, 628 F.2d at 1164–65 (remand to resolve ambiguity in plea agreement). The plea agreement committed the Government to make no recommendation "at the time of sentencing." That commitment could not be "reasonably understood," *see Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir.1982), *cert. denied*, 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983), to preclude the Government from opposing an attempt to have the sentence reduced after it had been imposed.

The order of the District Court is affirmed.