16-4333-cr
*United States v. Griffin*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
        *Circuit Judges*,
EDWARD R. KORMAN,
        *District Judge.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee*,                                16-4333-cr

v.

JAMES P. GRIFFIN,

        *Defendant-Appellant.*

---

**FOR APPELLEE:**                         Carina H. Schoenberger, Assistant United States Attorney, *for* Grant C. Jaquith., United States Attorney, Northern District of New York, Syracuse, NY.

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:** Tina Schneider, Law Office of Tina Schneider, Portland, ME.

Appeal from a December 16, 2016 judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant James Griffin ("Griffin") appeals from a December 16, 2016 judgment convicting him, following a jury trial, of ten counts of mail fraud, eight counts of wire fraud, and five counts of money laundering. The District Court sentenced Griffin principally to 60 months' imprisonment and ordered him to pay $2,153,530.93 in restitution to 27 victims. On appeal, Griffin, through counsel, disputes the District Court's denial of his pretrial motions for a trial continuance and the calculation of the restitution amount. In addition, in two *pro se* submissions, Griffin challenges the sufficiency of the evidence presented at trial to prove his intent to defraud the 27 victims and argues that law enforcement and prosecutors engaged in governmental misconduct against him. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.     Denial of the Continuance

We review a District Court's denial of a motion to postpone a trial date for "abuse of discretion" and "we will find no such abuse unless the denial was an arbitrary action that substantially impaired the defense." *United States v. Stringer*, 730 F.3d 120, 127 (2d Cir. 2013) (internal quotation marks omitted). In other words, "[a] defendant must show 'both arbitrariness and prejudice in order to obtain reversal of the denial of a continuance.'" *Id.* at 128 (quoting *United States v. Miller*, 626 F.3d 682, 690 (2d Cir. 2010)).

Griffin argues that the District Court abused its discretion in denying his requests to postpone the trial date by 60-90 days for health reasons. Specifically, Griffin explains that, shortly before the trial, he had been diagnosed with "active Rheumatoid Arthritis, triggering acute fatigue, pain, swelling and dizziness." Appellant Br. at 13. Among other things, Griffin expressed his concerns regarding his ability to assist in the preparation of his defense and provided a letter from his treating rheumatologist in support of his motion for a continuance.

Griffin made the request on three separate occasions. The District Court denied the first two requests by text order without a hearing or any explanation. At the final pretrial conference, the District Court once again denied Griffin's request for a continuance, after declining to talk to Griffin's physician and stating in passing, "I've seen what you submitted, it's not sufficient to

2

adjourn the trial any more." Appellant App'x at 38. Notably, the District Court did not explain why the submissions were insufficient to support a continuance or why it was satisfied that Griffin's due process and Sixth Amendment right to the effective assistance of counsel would be adequately protected, notwithstanding Griffin's stated concerns to the contrary.

Admittedly, Griffin has pointed to various facts in the record that support his claim that the District Court's denial of the continuance was in fact arbitrary. But even assuming, for the sake of argument only, that the District Court arbitrarily denied Griffin's requests for a continuance, Griffin has not demonstrated that the denial of his requests "substantially impaired [his] defense." *Stringer*, 730 F.3d at 127 (internal quotation mark and citation omitted).

Griffin does not argue that his health problems affected his defense in any specific way, let alone "substantially impaired" it. *Id.* Specifically, Griffin does not explain how, if at all, he was unable to prepare for trial or assist his counsel. Nor does Griffin argue that his participation at trial in fact was affected. To the contrary, Griffin met with his counsel several times and testified at length during the trial, where his counsel was able to cross-examine the witnesses and challenge evidence in Griffin's defense. Furthermore, Griffin did not ask for any breaks or accommodations during the seven-day trial. *Cf. United States v. Knohl*, 379 F.2d 427, 437 (2d Cir. 1967) (holding that denial of motion for a hearing on physical capacity of defendant to stand trial was not an abuse of discretion because, among other things, there was no evidence that the defendant "suffer[ed] any ill effects from the trial or was unable to assist his counsel in his defense," nor was there a "request for a recess or rest period" or "extra time sought for consultation").

Although Griffin suggests that his health problems would have compromised "his ability both in advance of trial and at trial to focus, recount relevant events, challenge evidence, and in general assist defense counsel," Appellant Br. at 17, Griffin does not point to anything in the record supporting this conclusory assertion. Contrary to Griffin's mistaken belief that "no specific showing of prejudice is required," *id.*, we have stated clearly that "[a] defendant must show '*both arbitrariness and prejudice* in order to obtain reversal of the denial of a continuance.'" *Stringer*, 730 F.3d at 128 (emphasis added) (quoting *Miller*, 626 F.3d at 690). Because Griffin failed to meet his burden to show *any* prejudice, we hold that there was no "abuse of discretion" in the denial of Griffin's motion for a continuance.

## II. Calculation of Restitution Amounts

Under the Mandatory Victim Restitution Act ("MVRA"), district courts must "order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). "Ordinarily, we review a district court's order of restitution under the MVRA for abuse of discretion," but where "a defendant fails to object to the restitution order at the time of sentencing, our review is for plain error." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012) (citations omitted). However, where, as here, a defendant "consciously refrains from objecting [to the restitution order] as a tactical matter,

then that action"—namely, the conscious decision not to object—"constitutes a true 'waiver,' which will negate even plain error review." *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995); *accord United States v. Olano*, 507 U.S. 725, 733 (1993) (describing waiver as the "intentional relinquishment or abandonment of a known right," which is not subject to review on appeal) (internal quotation marks omitted).

On appeal, Griffin argues that the restitution amounts in the presentence report that was accepted by the Court contain arithmetical errors, overstate investment amounts by certain victims, understate charitable contributions, and understate payments received by victims who invested in Griffin's fraudulent scheme. Griffin also argues in passing that because he "objected to the calculation of loss at sentencing . . . this Court's review [of the restitution order] is for harmless error." Appellant Br. at 18.

We disagree with Griffin's characterization of the record and conclude that he waived his challenge to the District Court's restitution order. Specifically, Griffin fails to mention two important facts that are fatal to his claim on appeal.

*First*, Griffin did not make any of these challenges at the time of his sentencing. Rather, at his sentencing hearing, Griffin only highlighted the "question" of whether a certain investment should have been accounted for a potential tax deduction. Appellant App'x at 41. Other than "bring[ing]" this "point up to the Court['s attention]," *id.* at 43—a point that Griffin did not press further at the sentencing and did not raise on appeal—Griffin did not make any other arguments relating to the restitution amounts in the presentence report. As a result, the District Court did not have an "opportunity to consider and resolve" the various objections that are now raised on appeal. *Puckett v. United States*, 556 U.S. 129, 134 (2009).

*Second*, Griffin's counsel met with the probation officer, counsel for the Government, and the case agent who testified about restitution at trial to discuss Griffin's sentencing memorandum, which objected to the amounts set forth in the initial presentence report. Griffin ultimately agreed to the figures in the revised presentence report—an agreement that was acknowledged by the Court at the sentencing hearing and was not disputed by Griffin at any point. Appellant App'x at 40 (District Court noting that the parties "have resolved the differences as to the restitution . . . ."); *id.* at 43 (District Court stating that it is "going to accept the presentence investigation report [and] its factual information . . . as stated," to which Griffin's counsel responded, "Thank you, Judge"). In light of the parties' effective agreement to the restitution amounts in the presentence report, the Court properly accepted those amounts and ordered restitution to the victims accordingly.

Griffin made a deliberate and arguably tactical decision to accept the restitution amounts in the revised presentence report. Griffin cannot now argue on appeal that the restitution order that he agreed to was in error. "Since [Griffin] and his counsel were both given the opportunity to raise any

factual errors contained in the report at the time of sentencing, [Griffin] has waived the right to raise them at this time." *United States v. Feigenbaum*, 962 F.2d 230, 233 (2d Cir. 1992).

### III. Griffin's *Pro Se* Challenge to His Conviction

In his *pro se* briefs, Griffin argues, among other things, that: (1) he lacked the requisite *mens rea* to have been found guilty of the various counts of fraud and money laundering; and (2) law enforcement and the prosecution engaged in governmental misconduct by launching an "attack" on his company and attempting to manufacture a crime to convict him. *Pro Se* Br. at 6.

Although we "liberally construe" Griffin's briefs, "reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citation omitted), and afford him "some latitude in meeting the rules governing litigation," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citations omitted), we usually do not decide issues that a defendant raises only in passing, *see Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (explaining that pro se litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing"); *see also United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation omitted)).[1]

Here, Griffin only asserts in passing that he is "not guilty" and that he lacked the requisite intention to commit the charged crimes. *Pro Se* Br. at 2. Similarly, Griffin only accuses the government of misconduct, but does not explain what kind of relief he seeks on appeal—particularly, since Griffin did not file a pretrial motion for dismissal of the indictment on grounds of prosecutorial misconduct, as is typically done pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A). We conclude that these conclusory assertions are insufficient to challenge Griffin's conviction on appeal and thus hold that the any such challenge was waived. *See Gerstenbluth*, 728 F.3d at 142 n.4.

In any event, we also hold that Griffin's *pro se* challenge to his conviction is meritless. With respect to the claim of insufficiency of the evidence, the Supreme Court has stated that a conviction must be upheld if "*any* rational trier of fact could have found the elements of a crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted). Where, as here, the defendant did not renew his motion for acquittal at the close of the defense case, the defendant

---

[1] Although Griffin is represented by counsel of record in this appeal, we need not decide whether Griffin's *pro se* submissions are entitled to the more deferential construction that we extend to *pro se* litigants because we conclude that, even under this deferential standard, Griffin's challenge to his conviction was waived or, in the alternative, lacks merit.

"has the burden of persuading a court of appeals on the insufficiency issue that there has been plain error or manifest injustice." *United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001) (citation omitted). Moreover, we "evaluate his sufficiency of the evidence challenge based on the entire record." *United States v. Velasquez*, 271 F.3d 364, 372 (2d Cir. 2001). Under the circumstances presented and upon review of the record, we agree with the Government that a reasonable juror could infer from the evidence presented at trial that Griffin had the requisite intent to defraud investors by making false promises and intentionally misleading them regarding the status of their investments and anticipated returns. Accordingly, we hold that Griffin has failed to meet his heavy burden of showing plain error or manifest injustice.

With respect to his claim of governmental misconduct, Griffin does not present any evidence to support his allegations. Griffin's complaints merely illustrate his disagreement with the Government's investigation and prosecution of his fraudulent scheme. Accordingly, we reject Griffin's challenge to his conviction based on an unsupported claim of "outrageous governmental conduct" that was not timely raised. *United States v. Dhinsa*, 243 F.3d 635, 648 (2d Cir. 2001).

## CONCLUSION

We have reviewed all of the arguments raised by Griffin on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 16, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6